UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amanda Kelly, as Parent/Guardian for Infant G.S., on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Wal-Mart Stores, Inc.,<br><br>Defendant. | Case No.   5:18-CV-0702 (GTS/ATB)<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>INTRODUCTION</u>

1.      Wal-Mart sells Parent's Choice Organic Rice Rusks at its stores.  The Rice Rusks are a snack for small children.  The packaging of the Rice Rusks does not disclose that the Rice Rusks contain milk or eggs, but they do.

2.      Wal-Mart is required to disclose the presence of allergens such as milk and eggs on packaged foods under the Food Allergen Labeling and Consumer Protection Act of 2004, 21 U.S.C § 343(w).

3.      Plaintiff purchased the Rice Rusks for her one-year old daughter relying on the fact that the Rice Rusks did not contain milk or eggs, since the packaging did not state that the Rice Rusks contained eggs or milk.  Plaintiff's daughter suffered a severe allergic reaction to the Rice Rusks.

4. The undisclosed presence of milk or eggs in the Rice Rusks presents a danger to children with egg or milk allergies. The Rice Rusks should be removed from Wal-Mart's shelves immediately and purchasers should receive refunds.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff Amanda Kelly is a citizen of the State of New York and resides in Onondaga County, New York. Defendant is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

6. Jurisdiction is also proper under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy for Plaintiff's individual claim is greater than $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

8. Venue is proper because Plaintiff and many Class Members reside in the Northern District of New York, and throughout the State of New York. In addition, the transactions and occurrences giving rise to this action took place in this District.

## PARTIES

### Plaintiff

9.      Plaintiff Amanda Kelly is an individual consumer who, at all times material hereto, was a citizen of Onondaga County, New York.  During the Class Period she purchased the Rice Rusks from a Wal-Mart store in East Syracuse, New York.

10.      Plaintiff purchased the Rice Rusks because she carefully read the packaging, which did not disclose that the Rice Rusks contained milk or eggs.  Plaintiff relied on the packaging in making her purchase decision.  Had she known the truth, that the Rice Rusks contain milk or eggs, she would not have purchased them.

### Defendant

11.      Defendant Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Defendant sells the Rice Rusks at Wal-Mart stores.  Defendant is responsible for the contents, ingredients, labeling and packaging for the Rice Rusks.

## FACTS

12.      Plaintiff is the parent of sixteen-month old child, G.S.

13.      G.S. suffers from egg and milk allergies for which she was diagnosed at six months of age.

14.      Plaintiff is careful to examine the ingredients of food products she purchases for her daughter to see if they contain milk or eggs and does not purchase the products if they do.

15.     As a general matter, Plaintiff relies on the labeling of food packages to determine if the product contains milk or eggs.

16.     Plaintiff is willing to pay a premium for packaged food that does not contain milk or eggs compared with packaged food that does.

17.     On June 3, 2018, Plaintiff purchased Parent's Choice Organic Rice Rusks at Wal-Mart in Syracuse.



18.    "Parents Choice" is Wal-Mart's brand.

19.     Before purchase, Plaintiff examined the box to see if the Rice Rusks contained milk or eggs.

20.     There was no indication on the package that the product contained milk or eggs, on the ingredients panel or anywhere else.

# Nutrition Facts

6 servings per container

**Serving size** **4 rusks (8g)**

Amount per serving

## Calories 30

| | % Daily Value |
|---|---|
| **Total Fat** 0g | **0%** |
| Saturated Fat 0g | |
| Trans Fat 0g | |
| **Cholesterol** 0mg | |
| **Sodium** 20mg | |
| **Total Carbohydrate** 7g | **7%** |
| Dietary Fiber 0g | |
| Total Sugars <1g | |
| Includes <1g Added Sugars | |
| **Protein** 0g    not a significant source of protein | |
| Vitamin D 0mcg | 0% |
| Calcium 0mg | 0% |
| Iron 0mg | 0% |
| Potassium 7mg | 0% |

Calories per gram:
Fat 9   •   Carbohydrate 4   •   Protein 4

**INGREDIENTS:** ORGANIC RICE FLOUR, ORGANIC SUGAR, SALT, ORGANIC STRAWBERRY FLAVOR, ORGANIC STRAWBERRY POWDER.

**DISTRIBUTED BY: Wal-Mart Stores, Inc., Bentonville, AR 72716**

ECO    CERTIFIED ORGANIC BY

21.     Plaintiff relied on this fact when making her purchase decision.

22.     The evening of June 3, Ms. Kelly gave one of the Rice Rusks to G.S.  Before G.S. had even finished eating it, an allergic reaction began. G.S. began to experience itching and raised, red hives all over her body.

23.     Plaintiff immediately recognized these signs as an allergic reaction.

24.     Plaintiff examined the package again, concerned that she might have missed an ingredient or that S.G's reaction indicated that she was allergic to something besides eggs and milk. Plaintiff again observed that the package did not disclose the presence of eggs or milk and that G.S. regularly consumes the other ingredients disclosed on the Rice Rusk package.

25.     The next day Ms. Kelly called Wal-Mart at the number provided on the package to ask about the ingredients of the Rice Rusks.

26.     The Wal-Mart representative stated that Rice Rusks may contain milk and eggs and that the packaging of the Rice Rusks clearly states: "May contain milk or eggs."

27.     Plaintiff responded that the package did not state that it may contain milk or eggs.

28.     The Wal-Mart representative stated that she was looking at the package and the package stated: "May contain milk or eggs."

29.     Plaintiff looked at the Wal-Mart website and the Rice Rusks package she found there was different from the package she bought at the store.

30.     The Rice Rusks package on the website stated that the product "May contain milk or eggs."

# Nutrition Facts

6 servings per container

**Serving size**     4 rusks (8g)

**Amount per serving**

## Calories    30

% Daily Value

| | |
|---|---:|
| **Total Fat** 0g | **0%** |
|   Saturated Fat 0g | |
|   Trans Fat 0g | |
| **Cholesterol** 0mg | |
| **Sodium** 10mg | |
| **Total Carbohydrate** 7g | **7%** |
|   Dietary Fiber 0g | |
|   Total Sugars <1g | |
|     Includes <1g Added Sugars | |
| **Protein** 0g | |

| | |
|---|---:|
| Vitamin D 0mcg | 0% |
| Calcium 2mg | 0% |
| Iron 0mg | 0% |
| Potassium 5mg | 0% |

**INGREDIENTS:** ORGANIC JASMINE RICE FLOUR, ORGANIC TAPIOCA STARCH, ORGANIC SUGAR, FROZEN STRAWBERRIES, SALT, NATURAL STRAWBERRY FLAVOR, TOCOPHEROLS (FOR FRESHNESS).
**MAY CONTAIN TRACES OF MILK, EGGS AND SOY.**
**DISTRIBUTED BY: Wal-Mart Stores, Inc.,**
**Bentonville, AR 72716**
Certified organic by ACT
PRODUCT OF THAILAND
Keep in a cool and dry place. Avoid exposure to direct sunlight and humidity. Once packet is opened, keep airtight and use within 7 days.

You'll love this Parent's Choice product. In fact, we guarantee it. If you (or your baby) aren't completely happy, please return the product to us and we'll replace it or refund your money. Your opinion means a lot to us so if

31.     However, this notice did not appear on the package Ms. Kelly purchased at the Wal-Mart store.

32.     Ms. Kelly believes that the Rice Rusks she bought in the store are the same as the Rice Rusks on the Wal-Mart website except for a slightly different package design and the lack of a warning that the product may contain milk or eggs.

33.     The Wal-Mart representative offered Plaintiff a gift card refund for the $1.84 price of the Rice Rusks.  Ms. Kelly declined the offer.

34.     Plaintiff keeps an Epipen with her at all times and carefully monitored her daughter's symptoms over the next few days.  G.S. did not sleep for two nights and continuously cried and tried to scratch herself.

## CLASS ALLEGATIONS

35.     Plaintiff brings this matter on behalf of herself and those similarly situated. Defendant's customers were uniformly impacted by and exposed to the failure of Wal-Mart to disclose the presence of milk or eggs in the Rice Rusks.  Accordingly, this Complaint is well situated for classwide resolution, including injunctive relief.

36.     The Class is defined as all consumers who purchased the Rice Rusks contained in packaging which did not disclose the presence of milk or eggs, anywhere in the United States during the Class Period (the "Class").

37.     Ms. Kelly also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Rice Rusks in the State of New York at any time during the Class Period (the "New York Subclass").

38.     This action should be maintained as a class action under Rule 23(a) because the case satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy:

39.     <u>Numerosity</u>: Class and Subclass Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers who are Class Members described above who have been misled by Defendant's failure to disclose the presence of eggs or milk.

40.     <u>Commonality</u>: The questions of law and fact common to the Class and Subclass Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

      a.   Whether Wal-Mart is required to disclose the presence of eggs or milk in the Rice Rusks on the packaging;

      b.   Whether Wal-Mart is responsible for the failure to disclose the presence of eggs or milk in the Rice Rusks;

      c.   Whether Wal-Mart knew or should have known that the presence of milk or eggs in the Rice Rusks was not disclosed;

      d.   Whether Wal-Mart's conduct constitutes a breach of its duty to class members;

      e.   Whether Wal-Mart's conduct constitutes a breach of warranty of merchantability;

f.   With respect to the New York Subclass, whether Wal-Mart's conduct violates General Business Law § 349;

g.   Whether Plaintiff and the Class are entitled to injunctive relief;

h.   Whether Plaintiff and the Class are entitled to monetary damages.

41.   <u>Typicality</u>: Plaintiff is a member of the Class and Subclass. Plaintiff's claims are typical of the claims of each Class and Subclass Member in that every member of the Class and Subclass was subjected to the same misconduct, the failure to disclose the presence of eggs or milk in the Rice Rusks.

42.   <u>Adequacy</u>: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class and Subclass Members they seek to represent; her claims are common to all members of the Class and Subclass and she has a strong interest in vindicating their rights; and she has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.  Plaintiff has no interests which conflict with those of the Class or Subclass.

43.   The Class is properly brought and should be maintained as a class action under Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Wal-Mart's marketing and labeling practices.  In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*:

12

44.   <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.   The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.   The individual claims of the Class Members are very small, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.   When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.   Class Members' interests in individually controlling the prosecution of separate

actions is outweighed by their interest in efficient resolution by single class

action; and

45.     It would be desirable to concentrate in this single venue the litigation of all

plaintiffs who purchased Rice Rusks.

46.     Accordingly, this Class is properly brought and should be maintained as a class

action under Rule 23(b)(3) because questions of law or fact common to Class Members

predominate over any questions affecting only individual members, and because a class action is

superior to other available methods for fairly and efficiently adjudicating this controversy.

## INJUNCTIVE CLASS RELIEF

47.     Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-

wide injunctive relief.  Here, Wal-Mart has failed to disclose the presence of allergens in the

Rice Rusks.  Since Defendant's conduct has been uniformly directed at all consumers in the

United States, and the conduct continues presently, injunctive relief on a class-wide basis is a

viable and suitable solution to remedy Defendant's continuing misconduct.

48.     Plaintiff would probably purchase the Rice Rusks in the future if she could be

certain that she could rely on the label that the Rice Rusks do not contain eggs or milk.

49.     The injunctive Class is properly brought and should be maintained as a class

action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality,

typicality, and adequacy because:

14

a. <u>Numerosity</u>: Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Products have been purchased by thousands of people throughout the United States;

b. <u>Commonality</u>: Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers.  Thus, all members of the Class have a common cause against Defendant to stop its misleading conduct through an injunction.  Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

   i. Resolution of the issues presented in the 23(b)(3) class;

   ii. Whether members of the Class will continue to suffer harm by virtue of Defendant's marketing and labeling; and

   iii. Whether, on equitable grounds, Defendant should be ordered to stop selling the Rice Rusks.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Injunctive Class because her claims arise from the same course of conduct (i.e. Defendant's failure to disclose the presence of eggs and milk in the Rice Rusks.  Plaintiff is a typical representative of the Class because, like all members of the Injunctive Class, she

purchased Wal-Mart's Rice Rusks, the packaging of which failed to disclose the presence of eggs and milk.

d. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the injunctive Class.  Her consumer protection claims are common to all members of the injunctive Class and she has a strong interest in vindicating her rights.  In addition, Plaintiff and the Class are represented by counsel who is competent and experienced in both consumer protection and class action litigation.

50.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed its Products using the same labeling to all of the Class Members).  Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its misleading and deceptive marketing practices and would be required to honestly disclose to consumers the nature of the contents of its Products.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

51.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

16

52.     New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

53.     Defendant's conduct, the sale of the Rice Rusks in its stores, is "consumer oriented."

54.     Defendant's failure to disclose the presence of eggs and milk was materially misleading.

55.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Ms. Kelly and the New York Subclass Members are entitled to monetary, compensatory, statutory, treble and/or punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

56.     In addition, Plaintiff and the New York Subclass Members seek preliminary and permanent injunctive relief against Defendant, enjoining it from selling the Rice Rusks without the disclosure of the presence of eggs and milk as required by the Food Allergen Labeling and Consumer Protection Act of 2004.

57.     There is no adequate remedy at law, since the Rice Rusks are still being sold and present a health risk to consumers with milk and egg allergies.

### SECOND CAUSE OF ACTION
### NEW YORK AGRICULTURE AND MARKETS LAW (NY CLS Agr. & M § 201)
### (On Behalf of Plaintiff and the New York Subclass)

58.      Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

Section 201 ("Misbranding of Food") of the New York Agriculture and Markets Law (NY CLS Agr. & M § 201) states that "Food shall be deemed to be misbranded: 1. If its labeling is false or misleading in any particular."

59.     The labeling on the Rice Rusks is "false and misleading" because it fails to disclose the presence of milk and eggs.

60.     Section 201 also states that "Food shall be deemed to be misbranded: … 14. If it contains a milk protein concentrate, caseinate, or added casein…, unless its label bears the name of such substance as an ingredient."

61.     The Rice Rusks are misbranded because the presence of milk means the Rice Rusks contain "milk protein concentrate, caseinate, or added casein" and that fact is not disclosed.

62.     G.S. has been damaged in an amount to be determined at trial.


### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY
**(On Behalf of Plaintiff and All Class Members)**

63.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64.     An implied warranty of merchantability arises with respect to Wal-Mart's sale of the Rice Rusks.

65.     Defendant is in the business of selling the Rice Rusks.

66.     The Rice Rusks would not pass without objection in the trade, since the packaging

18

does not disclose the presence of milk and eggs.

67.     The Rice Rusks are not adequately contained, packaged and labeled since the packaging does not disclose the presence of milk and eggs.

68.     Plaintiff and consumers cannot reasonably expect that a product that is required to disclose the presence of milk and eggs nonetheless contains milk and eggs.

69.     Within twenty-four hours of Plaintiff's discovery of the existence of milk and eggs in the Rice Rusks, she notified Wal-Mart.

70.     The inability of the Rice Rusks to meet the label description was wholly due to the Defendant's fault and without Plaintiff's or Class Members' fault or neglect, and was solely due to the Defendant's manufacture and distribution of the Products to the public.

71.     As a result of the foregoing, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**
**(On behalf of Plaintiff and All Class Members)**

72.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.     At all times relevant to this lawsuit, Wal-Mart was in the business of selling snack products in its stores such as Rice Rusks.

74.     Wal-Mart sold the Rice Rusks to Ms. Kelly.

75.     The Rice Rusks were mislabeled and unsafe because the packaging did not include the required warning concerning the presence of milk and/or eggs.

76.     As a direct and proximate result of the presence of milk and/or eggs, G.S. suffered from raised and red hives all over her body.  SG cried nearly continuously for two days and continuously tried to scratch herself.

77.     G.S. has been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**STRICT LIABILITY – FAILURE TO WARN**
**(On behalf of Plaintiff)**

78.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79.     Wal-Mart was under a duty to provide a warning that the Rice Rusks contained eggs and/or milk.

80.     Wal-Wart failed to provide such a warning.

81.     The Rice Rusks contained eggs and/or milk at the time of sale.

82.     As a direct and proximate result of the lack of warning about the presence of eggs and/or milk in the Rice Rusks, G.S. suffered from raised and red hives all over her body.  G.S. cried nearly continuously for two days and continuously tried to scratch herself.

83.     G.S. has been damaged in an amount to be determined at trial.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action under Rule 23 of the FRCP and certifying

Plaintiff as the representative of the nationwide class and New York Subclass;

20

(b) Entering preliminary and permanent injunctive relief against Defendant, directing

Defendant to correct its practices and to comply with consumer protection statutes

nationwide, including federal New York consumer protection laws;

(c) Awarding monetary damages, including treble damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff and Class Members their costs and expenses incurred in this action,

including reasonable allowance of fees for Plaintiff's attorneys and experts, and

reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated:  June 13, 2018

**THE SULTZER LAW GROUP P.C.**

Adam R. Gonnelli /s/

By: _____

Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Adam Gonnelli, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

Frank S. Gattuso, Esq.
9 Landgrove Drive
Fayetteville, New York 13066
(315) 400-5958
frankgattuso14@gmail.com

*Counsel for Plaintiff and the Class*

21